**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

BONNIE LEE DWORAK,

      Plaintiff,

v.

      Civil Action No. *3:10CV892 (REP)*

NEW MILLENNIUM AUTO SALES, INC.,

R/A   Timothy Higginbotham, President
       10472 Washington Highway
       Glen Allen, Virginia   23059

      Defendant.

**DEC 1 3 2010**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action for damages to redress the many violations of law that resulted in her purchasing a car that she was unable to legally drive.   The defendant is the dealer who sold the car to her and misrepresented the mileage. This Complaint is filed and these proceedings are instituted under the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. § 32701 for both statutory damages, actual damages, reasonable attorney's fees, and costs because of Defendant's violations of this federal consumer protection statute, and because of the selling dealer's violations of the Virginia Consumer Protection Act, and its actual fraud.

1

## PARTIES

2.      The Plaintiff is a natural person and resident of Mechanicsville, Virginia.

3.      Defendant New Millennium Auto Sales, Inc. (New Millennium) is a Virginia corporation doing business in Glen Allen, Virginia at 10472 Washington Highway where it sold the car to Ms. Dworak, and where its registered agent is located.

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to 49 U.S.C. § 32710(b) and 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C § 1367(a).   Declaratory and injunctive relief is requested pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTS

5.      In late June or early July, 2009, New Millennium purchased a 2005 Kia Spectra, VIN: KNAFE161655066478 (the vehicle) with 65,548 miles showing on the odometer from Bavarian Auto Sales in Richmond, Virginia.   **Exhibit 1** shows the assignment of the vehicle's Replacement Title to the Defendant by Bavarian Auto Sales.   The assignment to the Defendant on Exhibit 1, leaves the date of sale blank, but notes this Replacement Title was issued on July 14, 2009.

6.      On July 21, 2009, New Millennium had the vehicle inspected for a Virginia State Police Inspection Certification, Receipt No. 7416137, at which time the inspector for Edwards Automotive noted the vehicle's mileage to be 65,676, which is an increase of 128 miles from the date of the defendant purchased it.

2

7.      Presumably the vehicle was test driven by a number of people or driven by employees of the defendant after purchase and before its sale to the Plaintiff.

8.      At some point prior to its sale to the Plaintiff the vehicle's original engine and transmission were removed and the engine was replaced with a used engine.

9.      On or about February 27, 2010 the Plaintiff began negotiations with a salesman for the Defendant, Eugene Coley, for the purchase of the vehicle. This vehicle was advertised as having an automatic transmission. **Exhibit 2**.   In fact, it has a manual transmission. During these negotiations she test drove the vehicle for several miles and noticed the cruise control did not work. Plaintiff asked her salesman if the car ran well, she asked if the vehicle had been repaired for any major mechanical problems or prior accidents, and because the mileage seemed low to her for a car of this age and price, she asked if the mileage on the vehicle's odometer was accurate.   Mr. Coley replied that the mileage was accurate and that the vehicle had not had any major mechanical repairs or been in any accidents, and that if any problem should arise they would be covered by the three month, three thousand mile warranty that came with the vehicle. When advised about the cruise control he promised they would fix it under the warranty that came with the vehicle.

10.     In reliance on the statement of her salesman noted above regarding the assurances that the mileage of 65,548 were the actual number of miles on the vehicle at the time of purchase and that the vehicle had suffered no major mechanical problems or accidents, on February 27, 2010 the Plaintiff agreed to purchase the vehicle for $6,386.17. **Exhibit 3** is the Buyer's Order which notes the mileage of 65,548 is the actual mileage to the best of the Defendant's knowledge.

11.     In order to properly disclose the mileage on the title and to assign the vehicle title from the defendant to the Plaintiff, a Reassignment Of Title, which is an extension of the original

3

title, was made to the Plaintiff, which assigned the title to the Plaintiff and disclosed the odometer reading of 65,548 to be the actual mileage on the vehicle to the best of the Defendant's knowledge. **Exhibit 4.**

12.     After purchase, the Plaintiff took the vehicle to the defendant to have the cruise control fixed but it never was corrected and she was given no repair order for this repair attempt.

13.     After the warranty ran out the check engine light on the vehicle was coming on and when she took the vehicle to a mechanic at Hollywood Performance, he advised her that the vehicle had a "junk yard engine."   When she took the vehicle to Pearson Kia for further evaluation, she was advised that the engine and transmission were not original since the Kia dealer's computer could not recognize it.

14.     When she confronted Timothy Higginbotham, president of the Defendant about her discovery, he advised that he had no obligation to tell her the engine or transmission had been replaced.

15.     After speaking with Mr. Higginbotham, the Plaintiff discovered the Virginia State Police Inspection receipt indicating that the mileage on the vehicle on July, 21, 2009 was higher than the mileage on her vehicle when she bought it seven months later. **Exhibit   5.**

16.   More mileage was accumulated by the vehicle after its inspection on July 21, 2009 but how many is unknown.

17.     The odometer reading of 65,548 disclosed as actual by the Defendant on the Reassignment Of Title and Buyer's Order provided the Plaintiff was not actual.

4

18.     The Defendant had records in its possession that revealed that the odometer reading of 65,548 disclosed to be the actual mileage on the date of sale of the vehicle to the Plaintiff was false.

19.     The Defendant knew or should have known the mileage disclosure it made to the Plaintiff for the vehicle on the date of sale was false.

20.     Despite having the information that the odometer disclosure it made to the Plaintiff was not the true, Defendant sold the car to Plaintiff and certified that 65,548 was the actual mileage on the vehicle.

21.     On October 26, 2010 the Plaintiff, by counsel, notified the Defendant by letter that she wanted the Defendant to pay her for her damages and legal fees for its violations of law.   See this letter attached as **Exhibit 6**.

22.     Defendant refused to pay any damages or fees to the Plaintiff for its violations of law.

23.     As of result of all the Defendant's conduct, Ms. Dworak has paid for the car and suffered damage in that the vehicle was not worth what she paid for it.   If she were to try and sell the vehicle now she will have to state that the current mileage is unknown since the mileage on the date she purchased it is unknown resulting in a significantly lower sale price, plus she had been significantly inconvenienced, and suffered other consequential and incidental damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of the Motor Vehicle Information and Cost Savings Act

24.     Pursuant to 49 U.S.C. § 32705, the seller of the vehicle was required to create an accurate and complete odometer disclosure for the vehicle when it was sold.

25.     The Defendant violated this Act by not properly creating an accurate and complete odometer disclosure for the vehicle when it sold it to the Plaintiff.

26.     The Defendant's violations were done with intent to defraud.

### SECOND CAUSE OF ACTION
### Violations of the Virginia Consumer Protection Act

27.     The transaction between New Millennium and Ms. Dworak was a consumer transaction regulated by the prohibitions of Virginia Consumer Protection Act (VCPA), Va. Code § 59.1-196 et seq. and the Automobile Repair Facilities Act, Va. Code §59.1-207.1, et seq.

28.     New Millennium violated Va. Code § 59.1-200(A) (5), (6), and (14) by misrepresenting the miles on the vehicle and by misrepresenting that it had not had any major mechanical repairs, by concealing that the vehicle had a replacement engine and transmission when asked, and by falsely promising that the cruise control would be corrected.

29.     New Millennium violated Va. Code § 59.1-200(A) (7) by selling a vehicle with a secondhand engine and transmission in it without clearly and unequivocally indicating in the offer for sale that the engine and transmission were secondhand or reconditioned.

6

30.     A violation of the Automobile Repair Facilities Act (ARFA) constitutes a violation of the VCPA and shall be subject to any and all enforcement provisions of the VCPA.

31.     New Millennium violated the ARFA by failing to provide a written invoice for the repairs it attempted to the vehicle when Ms. Dworak brought it in for repair. Va. Code § 59.1-207.5.

32.     Each of New Millennium's violations of the Virginia Consumer Protection Act were done with intent to defraud and even if done unintentionally violate the VCPA. Va. Code § 59.1-207.

## THIRD CAUSE OF ACTION
### Fraud/Constructive Fraud- Against New Millennium

33.     New Millennium knew that the odometer reading on the vehicle it disclosed to Ms. Dworak on February 27, 2010 was not the actual mileage and New Millennium knew or should have known that the engine and transmission were second hand.

34.     New Millennium knowingly and intentionally misrepresented that the odometer showed the actual miles and New Millennium knowingly and intentionally misrepresented and concealed that the vehicle had a second hand engine and transmission.

35.      New Millennium made these representations so that Ms. Dworak would agree to purchase the vehicle.

36.     Ms. Dworak reasonably relied on these representations by agreeing to purchase the vehicle and suffered damages as a result of that reliance.

37.     New Millennium authorized, approved, or ratified the misrepresentations made by the employees, Eugene Coley.

7

38.   In the alternative of actual fraud, these misrepresentations were made innocently or negligently sufficient to support a claim for constructive fraud.

### Request for Punitive Damages

39.   The actions by New Millennium show willful and malicious conduct in conscious disregard to Plaintiff's rights sufficient to justify an award of punitive damages against it.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court:

1.   Assume jurisdiction of this case;

2.   Award statutory damages of $1,500.00, or treble actual damages, whichever is greater, pursuant to the Federal Odometer Act, 49 U.S.C. § 32710(a) against the Defendant;

3.   Award actual damages under the Federal Odometer Act, Virginia Consumer Protection Act, UCC, and Fraud/Constructive fraud claims;

4.   Award three times the actual damages or $1,000.00, whichever is greater, for each willful violation of the Virginia Consumer Protection Act pursuant to Va. Code § 59.1-204 against New Millennium;

5.   Assess punitive damages against New Millennium;

6.   28 U.S.C. §§ 2201 and 2202 declare that the Defendant violated the Motor Vehicle Information and Cost Savings Act and enjoin this Defendant from future violations;

7.   Award Plaintiff's costs and reasonable attorney's fees in accordance with the Motor Vehicle Cost Savings Act and the Virginia Consumer Protection Act; and

8.   Award such other relief as the Court deems appropriate.

### TRIAL BY JURY IS DEMANDED

8

Respectfully submitted,

**BONNIE LEE DWORAK,**

Counsel

9